UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEI GROUP, LLC,　　　　　　　　　　　　Case No. 19- 11611
a Michigan Limited Liability Company

　　　　　　　　　　　　　　　　　　　　Stephanie Dawkins Davis
　　Plaintiff, and　　　　　　　　　　　　United States District Judge
　　　　Counter-Defendant
v.

CEI COMPOSITE MATERIALS, LLC,
a Michigan Limited Liability Company

　　　Defendant, and
　　　　Counter-Plaintiff.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
TO DISMISS COUNTERCLAIMS II AND III AND
<u>DENYING PLAINTIFF'S MOTION TO STRIKE (ECF No. 19)</u>**

## I.　　INTRODUCTION

　　This is a trademark infringement dispute arising under sections 37 and 38 of the Lanham Act, 15 U.S.C. §§ 1119 and 1120.  Defendant CEI Composite Materials, LLC (CEI Materials) alleges that plaintiff CEI Group, LLC (CEI Group) fraudulently acquired its national trademark for the "CEI" mark regarding wall panel installation services.

　　CEI Group moves to dismiss CEI Material's counterclaims II and III for failure to state a claim.  (ECF No. 19).  Additionally, CEI Group moves to strike the identification of its outside trademark counsel and signatory from CEI

1

Material's counterclaims. (ECF No 19). The court held a hearing on the motion on August 4, 2020 and took the matter under advisement. For the reasons set below, the court **GRANTS** CEI Group's motion to dismiss counterclaims II and III and **DENIES** CEI Group's motion to strike its trademark counsel and signatory's name from the record.

## II.    FACTUAL BACKGROUND

CEI Group is a Michigan-based, national commercial construction firm. (ECF No. 16, PageID.243). CEI Group has specialized in commercial roofing installation projects since 1969 and started providing exterior wall panel fabrication and installation services in 1999. (ECF No. 16, PageID.243, 245). CEI Group owns three federal trademarks for the "CEI" mark. (ECF No. 16, PageID.246). The United States Patent and Trademark Office (USPTO) issued CEI, Reg. No. 1,513,926 and CEI, Reg. No. 1,516,681 in 1988 for "installation of roofing systems" and CEI, Reg. No. 5,805,215 ('215 Registration) in 2019 for "installation of siding and wall panels" to CEI Group. (ECF No. 16, PageID.246; ECF No. 16-2, PageID.270; ECF No. 16-3, PageID.272; ECF No. 16-4, PageID.273).

CEI Materials is a national company that started in 2008 and provides wall panel fabrication and installation goods and services under a "CEI" mark. (ECF No. 23, PageID.746). Before the USPTO issued the '215 Registration, CEI

Materials received a letter demanding that it "cease and desist all use of any CEI names or marks" from CEI Group's trademark counsel on September 26, 2018. (ECF No. 23, PageID.748). CEI Materials responded on October 4, 2018 that it would not stop using the mark, stating that it is a "'well-established' company that . . . 'special[izes] in architectural panel system fabrication and installation nationwide.'" (ECF No. 23, PageID.748).

CEI Group applied to the USPTO for the '215 Registration on December 18, 2018. (ECF No. 23, PageID.748; ECF No. 17-2, PageID.369-71). In its USPTO application, CEI Group's trademark counsel signed an oath stating "[t]o the best of [her] knowledge and belief, no other persons . . . have the right to use the mark in commerce." (ECF No. 23, PageID.748-49; ECF No. 17-2, PageID.372-73). The USPTO published CEI Group's trademark application on April 30, 2019, which opened an objection period that closed on May 29, 2019. (ECF No. 17, PageID.336; ECF No. 17-2, PageID.357-59). The USPTO issued CEI Group's '215 Registration on July 16, 2019. (ECF No. 17, PageID.336; ECF No. 16-4, PageID.273).

### III.   DISCUSSION

    A.   <u>12(b)(6) Motion to Dismiss</u>

In determining a motion to dismiss under Rule 12(b)(6), the court "must construe the complaint in the light most favorable to the [nonmoving party] . . .

3

[and] accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003). The complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, the complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

A claim has "facial plausibility" when the nonmoving party pleads facts that "allow[] the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Id*. at 678. However, a claim does not have "facial plausibility" when the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens*, 500 F.3d at 527. Showing entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

4

B. <u>Rule 9(b) Heightened Pleading Standard</u>

For complaints alleging fraud, the heightened pleading standard in Rule 9(b) applies. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). Rule 9(b) "does not mute the general principles . . . in Rule 8; rather the two rules must be read in harmony." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006) (quoting *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 679 (6th Cir. 1988)). Supreme Court case *Leatherman v. Tarrant Cty. Narcotics Intelligence Unit* states that Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." 507 U.S. 163, 168 (1993); *see also* Fed.R.Civ.P. 9(b). The particularity requirement in Rule 9(b) requires "facts giving rise to a strong inference that the [deceiving party] acted with the required state of mind." *Indiana State Dist. Council of Laborers & Hod Carriers Pension & Welfare Fund v. Omnicare, Inc.,* 583 F.3d 935, 943 (6th Cir. 2009).

In essence, the heightened pleading standard requires that the complaint 1) "specify the statements that the [pleader] contends were fraudulent," 2) "identify the speaker," 3) "state where and when the statements were made," and 4) "explain why the statements were fraudulent." *Doughterty v. Esperion Therapeutics, Inc*., 905 F.3d 971, 978 (6th Cir. 2018); *see also Ind. State Dist. Council of Laborers & Hod Carriers Pension & Welfare Fund v. Omnicare, Inc.* 583 F.3d 935, 942-43

(6th Cir. 2009).  The Sixth Circuit interprets 9(b) to require "at a minimum" . . . the time, place, and content of the alleged misrepresentation on which [the deceived party] relied; the fraudulent scheme; the fraudulent intent of the [deceiving party]; and the injury resulting from the fraud." *U.S. ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 518 (6th Cir. 2009); *see also United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 504, 509 (6th Cir.2007).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b); *see also U.S. ex rel. Poteet* 552 F.3d at 518.

    C.    <u>Analysis</u>

        1.    *Fraud claim under 15 U.S.C. § 1120*

In its answer to the amended complaint and counter-complaint, CEI brings four counterclaims, only two of which are at issue in the motion to dismiss: (1) fraud under § 1120 of the Lanham Act; and (2) cancellation of CEI Group's trademark under § 1119 of the Lanham Act.  (ECF No. 17, Counts II and III).  CEI Materials alleges that CEI Group committed fraud on the USPTO by failing to disclose CEI Materials' common law trademark rights concerning the CEI mark in connection with the installation of wall panels.  (ECF No. 17).  More specifically, CEI Materials says that before this lawsuit was initiated, it exchanged correspondence with CEI Group, who demanded that CEI Materials immediately cease and desist all use of any CEI names or marks for commercial roofing, wall

6

panel installation services, and any related goods or services. CEI Materials refused and informed CEI Group that it was a well-established company specializing in architectural panel system fabrication and installation nationwide. (ECF No. 17, PageID.342). According to CEI Materials, CEI Group knowingly failed to disclose the existence of CEI Materials or its common law rights to use the CEI mark in connection with wall panel installations when it filed its nationwide trademark application. (ECF No. 17, PageID.341-342). CEI Materials alleges these are material facts and that if CEI Materials' prior extensive use of the CEI mark in connection with wall panel fabrication and installation had been revealed to the USPTO, it would have jeopardized the application. *Id*.

Under Section 38 of the Lanham Act, "any person who . . . procure[s] registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation . . . shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." 15 U.S.C. § 1120. The claimant must provide (1) "the false representation regarding a material fact," (2) "the registrant's knowledge or belief that the representation is false," (3) "the intention to induce action or refraining from action in reliance on the misrepresentation," (4) "reasonable reliance on the misrepresentation," and (5) "damages proximately resulting from such reliance." *San Juan Prod., Inc. v. San Juan Pools of Kansas, Inc.*, 849 F.2d 468, 473 (10th Cir. 1988); *see also United*

7

*Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1226 (10th Cir. 2000). The knowing misrepresentation must be material. *San Juan Prod., Inc. v. San Juan Pools of Kansas, Inc.*, 849 F.2d 468, 473 (10th Cir. 1988). To succeed on a fraud claim under the Lanham Act, the claimant must establish that the registrant "knowingly [made] a false, material representation with the intent to deceive" the USPTO. *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009).

The only purportedly fraudulent statement identified by CEI Materials is CEI Group's statement on the application that:

> To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with goods/services of such other persons, to cause confusion or mistake, or to deceive.

(ECF No.17, PageID.341, 348, ¶¶ 71, 88). CEI Group contends that the counter-complaint does not contain facts that would support a conclusion that CEI Group lacked a good faith belief that its use of the CEI marks was senior to another user or that another user has a "right" to use the mark in commerce. CEI Group maintains that it was not legally obligated to disclose the existence of CEI Materials, which is a junior user, lacking any clearly established trademark rights.

In support of its argument, CEI Group relies primarily on *Lucky's Detroit, LLC v. Double L, Inc.*, 2010 WL 11545391 (E.D. Mich. Oct. 1, 2010) (Zatkoff, J.).

In *Lucky's*, the defendant alleged that the plaintiff infringed its registered trademark rights in the mark "Lucky's." The plaintiff sought a declaratory judgment that the defendant committed fraud on the USPTO by submitting a false declaration. There, the plaintiff alleged that the defendant was aware of third-party uses of the term "Lucky's" at the time the defendant filed the application to register its "Lucky's" mark and when the defendant renewed that registration. *Id*. at *3. According to the plaintiff, the defendant's declaration was a willful false statement because the defendant did not disclose the alleged third-party use of the mark. *Id*. The court granted the defendant's motion to dismiss the fraud claim, concluding that fraud under 15 U.S.C. § 1120: (1) "occurs when an applicant knowingly makes false, material representations of fact in connection with his application," and (2) "can only be found if there is 'a willful intent to deceive.'" *Id*. (citations omitted). Regarding disclosure of third party uses of the same or similar marks, the court reiterated that generally "[a] registration applicant has no duty to investigate and report to the PTO all other possible users of the same or similar mark." *Id*. (citing *Whirlpool Props., Inc. v. LG Elecs. U.S.A., Inc*., 2005 WL 3088339, at *25 (W.D. Mich. Nov. 17, 2005). However, willful intent to deceive may be found "if the senior user is aware of conflicting rights of a junior user, which are clearly established, and does not disclose such conflicting rights [to the USPTO]." *Lucky's Detroit*, 2010 WL 11545391 at *3. "Conflicting rights are

9

clearly established 'by a court decree, by the terms of a settlement agreement, or by a registration.'" *Id*. (citations omitted). In *Lucky's*, the court concluded that the plaintiff failed to allege any facts that any of the third parties had clearly established rights when the defendant applied for or renewed its trademark. *Id*. Further, the plaintiff failed to show that the defendant "knew such [alleged] use of the mark was senior to Defendant's filings or that Defendant did not believe in good faith it was the senior user." *Id*. Accordingly, the court determined that the plaintiff did not plead sufficient facts to show that the defendant's declaration was a false or fraudulent statement. *Id*.

CEI Group contends that the circumstances here are on all fours with *Lucky's*. CEI Group's '215 Registration states a date of first use of "CEI" for installation of siding and wall panels in 1999. CEI Materials was not organized until 2008 and thus could not have used any CEI mark until years after CEI Group's first use of the mark for siding and wall panel installation services. CEI Group maintains that its cease and desist letter shows that it believed in good faith that it was the owner and senior user of the mark CEI when it applied for the trademark. CEI Group also argues that it did not have a duty to disclose any junior use, infringing or otherwise, to the USPTO. *Magna Int'l, Inc. v. Deco Plas, Inc.*, 2010 WL 2044873, at *11 (N.D. Ohio May 21, 2010) ("Defendant has provided no evidence that plaintiff lacked a good faith belief that it was the senior user.

10

Plaintiff similarly had 'no duty to disclose' subsequent use even if it were aware"). Here, CEI Group maintains because it had a good faith belief that it was a senior user, its oath cannot be fraudulent. *See Whirlpool Props.*, 2005 WL 3088339 at *25 ("if an applicant has a good-faith belief that it is the senior user, then the oath cannot be fraudulent."); *see also*, *Rosso & Mastracco, Inc. v. Giant Food Inc.*, 720 F.2d 1263, 1266 (Fed. Cir. 1983) ("the failure to reveal junior users is not fraudulent").

CEI Materials, on the other hand, contends that *Lucky's* is inapposite because its "clearly established rights" framework does not apply where CEI Materials has plausibly alleged senior or co-existing rights, not junior rights. *Professional's Choice Sports Medicine Prods., Inc. v. Eurow & O'Reilly Corp.*, 2014 WL 524007, *4 (S.D. Cal. Feb. 10, 2014) (Clearly established rights conferred by a "court decree, by the terms of a settlement, or by a registration" are "merely three examples by which a *junior user* can show clearly established rights.") (emphasis in original). CEI Materials points out that CEI Group agrees that if a litigant plausibly alleges that a trademark applicant knowingly and willfully failed to disclose another's senior common law rights, it is not required to show "clearly established rights." (ECF No. 23, PageID.755, citing ECF No. 19 at PageID.405-406). Accordingly, CEI Materials argues that if the court finds that it has alleged facts sufficient to raise a reasonable inference that CEI Group

11

knowingly and willfully failed to disclose its senior and/or co-existing rights to the USPTO in connection with the '215 application, then the fraud claims survive. *See Professional's Choice Sports*, 2014 WL 524001, *5 ("A trademark applicant needs to disclose to the USPTO those users it knows to have superior *or* clearly established rights in the proposed mark.") (emphasis in original).

According to the theory of liability outlined in *Professional's Choice Sports*, a trademark application oath may still constitute a fraud on the USPTO if: (1) CEI Materials used the CEI mark at the time the oath was signed; (2) CEI Materials had legal rights superior to the mark over CEI Group's; (3) CEI Group knew of CEI Materials' superior rights; and (4) CEI Group intended to procure a registration to which it is not entitled to. *See Professional's Choice Sports*, 2014 WL 524001, *5. Focusing on the third requirement, CEI Materials cites several facts to support its claim that CEI Group knew of its senior or co-existing right in the CEI mark for wall panel installation goods and services when it applied for the '215 Registration. First it says that CEI Group knew of CEI Materials as a wall panel fabricator and provider dating back to 2012 when they worked together on a wall panel project and CEI Group admits it knew CEI Materials installed wall panels dating back to 2013. (ECF No. 23, PageID.761-762, citing ECF No. 16, PageID.254, ¶¶ 49-50 and ECF No. 20, PageID.515-516, ¶¶ 45-47). CEI Materials also points to its October 4, 2018 response to the cease and desist letter, in which it says it claimed

senior or co-existing rights. In that letter, CEI Materials informed CEI Group that CEI Materials was a "well-established" company, which has "special[ized] in architectural panel system fabrication and installation nationwide," and that it has been a "nation-wide industry leader" in the wall panel space for "nearly a decade." (ECF No. 17, PageID.336, ¶ 49; ECF No. 17-4, Ex. C). CEI Group then signed the '215 oath just two months later without disclosing CEI Materials' existence or its claimed rights. *Id*. at PageID.336, ¶ 50. Hence, according to CEI Materials, the parties' prior industry dealings coupled with this exchange of correspondence allows the court to reasonably infer that CEI Group knew of its senior and/or co-existing rights in the CEI Mark.

As explained in *Professional's Choice Sports*, "[w]ith regards [sic] to a fraudulent statement in a trademark application, the plaintiff must plead particular facts which, if proven, would establish that, as of the application filing date, the [applicant] believed that the plaintiff had superior or clearly established rights and that a likelihood of confusion would result from the applicant's use of its marks. Alternatively, the plaintiff must plead particular facts (e.g., substantial identity between the parties' marks and goods or services ... ), which if proven, would establish that, at the time the application was filed, [the applicant] had no reasonable basis for its averred belief that no other person had the right to use the same or a confusingly similar mark on or in connection with the goods or services

13

identified in the application." *Id*. at *7 (citing *Intellimedia Sports Inc. v. Intellimedia Corp.*, 43 U.S.P.Q.2d 1203, 1997 WL 398344, *4 (Trademark Tr. and App. Bd. 1997)).

The court in *Professional's Choice Sports* found that the complaint sufficiently stated the knowledge of falsity/scienter factor based on the following five factual allegations: (1) the results of defendant's trademark clearance search which revealed the plaintiff's earlier attempts to procure federal registration for the AIR RIDE mark; (2) the competitor relationship between the two parties in a field where the plaintiff had enjoyed "decades of commercial success" before defendant entered the field; (3) the defendant's knowledge of the plaintiff and its marks by a co-founder of the defendant; (4) the defendant's adoption of other product names imitating the plaintiff's; and (5) the two parties' products appearing in a common distributor's catalogue. Notably, these facts differ in character from those alleged by CEI Materials here. While CEI Materials alleges that CEI Group was aware of CEI Materials' existence, the work it performed, and the use of the CEI mark, the court fails to see how one can reasonably infer from these facts that CEI Group had knowledge of CEI Materials claimed superior rights. The letter on which CEI Materials relies does not include language evidencing any belief that CEI Material's use of the mark was superior to CEI Groups. As explained in *Professional's Choice Sports*, an applicant must disclose <u>rights</u> not <u>use</u>. *Id*. at *5

14

("[O]ne must disclose any knowledge of another's *rights* in the mark, not just mere use of the mark.") (emphasis in original); *see also Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 755-756 (9th Cir. 2006) ("Mere knowledge . . . of another's actual use of a mark is insufficient to show bad faith."). The facts, as alleged by CEI Materials, merely show that CEI Group had knowledge of its *use*, not of its claimed *rights*. Accordingly, the court finds that CEI Materials has failed to state a claim for fraud and this claim is dismissed.[1]

        2.     *Trademark cancellation claim under 15 U.S.C. § 1119*

In its third counterclaim, CEI Materials seeks cancellation of CEI Group's '215 Registration based on the fraud alleged in Count II. A party may seek to cancel another party's trademark if that party obtained the trademark through fraud. 15 U.S.C. §§ 1064(3), 1119. Section 1119 provides that

> In any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action.

15 U.S.C. § 1119. Under § 1119, CEI Materials' request to cancel CEI Group's federal trademark must be supported by showing that 1) CEI Materials "has standing to petition for cancellation because it is likely to be damaged," and 2) "there are valid

---

[1] Given this conclusion, the other arguments raised by CEI Group in support of its motion to dismiss the fraud claim need not be addressed.

grounds for discontinuing registration." *CFE Racing Prod., Inc., v. BMF Wheels, Inc.*, 793 F.3d 571, 593 (6th Cir. 2005) (quoting *Coach House Rest v. Coach & Six Rests*, 934 F.2d 1551, 1557 (11th Cir. 1991)).

CEI Group claims that CEI Materials cannot maintain its cause action under § 1120 and thus lacks standing to seek cancellation under § 1119 based on the fraud claim.[2] (ECF No. 19, PageID.410-411). CEI is correct. *See e.g.*, *East Iowa Plastics, Incorporated v. PI, Incorporated*, 832 F.3d 899 (8th Cir. 2016) (Section 1119 "only provides a remedy for some other violation of the trademark laws, not an independent cause of action" and thus, the district court had no jurisdiction to cancel a trademark registration where it found that the other party suffered no damages, as that party had no standing to pursue the cancelation remedy.) (cited with approval in *Graminex, L.L.C. v. Aktiebolaget Cernelle*, 451 F.Supp.3d 732, 742 (E.D. Mich. 2020) (Lawson, J.)). As set forth above, Count II is dismissed because CEI Materials failed to state a claim on which relief may be granted. Accordingly, Count III must also be dismissed.

D. <u>Motion to Strike</u>

A Rule 12(f) motion to strike provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

---

[2] CEI Materials also seeks cancellation of the '215 Registration based on priority of use, as set forth in Count IV of its counterclaim. (ECF No. 17, PageID.348-351). CEI Group has not moved to dismiss this claim and the court expresses no opinion on its merits.

scandalous matter." Fed.R.Civ.P. 12(f). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). However, a 12(f) motion is properly granted when "plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017). It is a well-established principle that "striking a pleading should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). Motions to strike are granted to "avoid the expenditure of time and money that . . . arise from litigating spurious issues." *Operating Engineers Local 324 Health Care Plan*, 783 F.3d at 1050 (quoting *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir. 1986)).

CEI Group moves to strike paragraphs 43-50, 71, 73, 76, 79, 88, 90, 93, and 96 for referring to its outside trademark counsel and signatory by name. (ECF No. 19, PageID.387). CEI Group claims that its counsel's identification is "immaterial" and "serves no purpose than to disparage" its counsel since no claims are brought against its counsel in her individual capacity. (ECF No. 19, PageID.387-88). CEI Group places emphasis on the "twenty-three references to the signatory" and claims that the repetition "can only serve as an attempt to

'unnecessarily reflect[] on [her] moral character . . . [and] detract[] from the dignity of the court.'" (ECF No. 19, PageID.411). CEI Group suggests that CEI Materials should have only referred to CEI Group, rather than its outside trademark counsel and signatory. (ECF No. 26, PageID.816). However, where the paragraphs "contain evidence that would otherwise be inadmissible, a court should disregard the inadmissible evidence, rather than striking it from the record." *See State Mut. Life Assur. Co. of America v. Deer Creek Park,* 612 F.2d 259, 264 (6th Cir.1979). Striking paragraphs that refer to CEI Group's outside trademark counsel by name would be appropriate only if the requested paragraphs to be stricken had "no possible relation to the controversy." *Brown & Williamson Tobacco Corp.*, 201 F.2d at 821-22. This is not the case.

CEI Materials alleges that CEI Group's counsel and state of mind are relevant to CEI Materials' § 1120 trademark fraud. (ECF No. 23, PageID.767). CEI Materials bases its argument on the heightened pleading standards of Rule 9(b), which requires identifying the speaker. (ECF No. 23, PageID.767). CEI Materials further alleges that CEI Group's counsel is the speaker since she is the signatory for the trademark application oath and her "state of mind is at issue." (ECF No. 23, PageID.767).

The court agrees and finds that the paragraphs identifying her by name are pertinent to CEI Materials fraud claim. As CEI Group's signatory, outside counsel

represented CEI Group when she signed the trademark registration oath, which played an important role in determining whether a material fact was fraudulently alleged under § 1120.  The oath required the person signing the trademark application to swear "[t]o the best of the signatory's knowledge and belief."  (ECF No. 17, PageID.334-35).  CEI Materials' § 1120 fraud claim is dependent on whether CEI Group, through its signatory, made a fraudulent representation of material fact by failing to disclose CEI Materials in its oath.  The identification of CEI Group's counsel's name was for the purpose of meeting the heightened pleading standards under Rule 9(b), thus having relevance to the proceedings.  Since outside counsel signed the oath and exchanged correspondence with CEI Materials concerning its use of the mark, the paragraphs asserting her role are relevant to the heightened pleading standard for CEI Materials' § 1120 claim.  Of course, ultimately, the court has concluded that the allegations of the complaint are insufficient to state a claim for fraud.  But it disagrees with CEI Group's assertion that the naming of the signatory was immaterial.  Therefore, the court **DENIES** CEI Group's Motion to Strike paragraphs 43-50, 71, 73, 76, 79, 88, 90, 93, and 96 referencing to its outside trademark counsel by name.

    **IT IS SO ORDERED**.

Dated: February 2, 2021                                 s/Stephanie Dawkins Davis
                                                           Stephanie Dawkins Davis
                                                           United States District Judge